| Civil DOCKET | DOCKET NUMBER 200359CV001002 | Trial Court of Massachusetts District Court Department |
|---|---|---|
| **CASE NAME** HMH TRANSPORTATION INC. vs. NAVIGATOR LOGISTICS MANAGEMENT, INC. | | **CURRENT COURT** Plymouth District Court 7 Russell Street Plymouth, MA 02360-3998 (508) 747-0500 |
| **ASSOCIATED DOCKET NO.** | **DATE FILED** 12/05/2003 **DATE DISPOSED** 02/04/2004 | |

**PLAINTIFF(S)**

P01  HMH TRANSPORTATION INC.
101 FARMERS STREET
HAZLEHURST, GA 31539

**PLAINTIFF'S ATTORNEY**

GARY M. WEINER
95 STATE STREET
SUITE 918
SPRINGFIEL, MA 01103
(413) 732-6840

**DEFENDANT(S)/OTHER SINGLE PARTIES**

D01  NAVIGATOR LOGISTICS MANAGEMENT, INC.
6 MAIN STREET, SUITE 7
PLYMOUTH, MA 02360

D02  CARL S. HURVITZ  A/K/A C. STEVEN HURVITZ

**DEFENDANT'S ATTORNEY**

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 12/09/2003 | Complaint filed on 12/05/2003 at Plymouth District Court. |
| 2 | 12/09/2003 | Appearance for Hmh Transportation Inc. filed by Attorney GARY M. WEINER 95 State Street Suite 918 Springfield MA 01103 BBO# 548341 |
| 3 | 12/09/2003 | Filing fee of $180.00 and surcharge of $15.00 paid (G.L. c.262 §§ 2 & 4C). |
| 4 | 12/09/2003 | Statement of damages filed by P01  HMH TRANSPORTATION INC. (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 5 | 12/09/2003 | Case Inactivated: No future events scheduled. |
| 6 | 12/30/2003 | Return of service on complaint and summons to D01  NAVIGATOR LOGISTICS MANAGEMENT, INC.: Officer service SERVED in hand ON 12/17/03. |
| 7 | 12/30/2003 | Return of service on complaint and summons to D02  CARL S. HURVITZ: Officer service SERVED at last and usual abode 12/16/03. |

Page 1 of 2
A TRUE COPY, ATTEST:  CLERK-MAGISTRATE/ASST. CLERK  X

A TRUE COPY ATTEST
_____ DATE
CLERK-MAGISTRATE

Date/Time Printed: 02/04/2004 09:28 AM

| | | DOCKET CONTINUATION | DOCKET NUMBER 200359CV001002 |
|---|---|---|---|

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 8 | 02/04/2004 | Case removed to U.S. District Court by D01 NAVIGATOR LOGISTICS MANAGEMENT, INC. (28 U.S.C. §§1441-1452). |
| 9 | 02/04/2004 | Case removed to U.S. District Court by D02 CARL S. HURVITZ (28 U.S.C. §§1441-1452). |

A TRUE COPY, ATTEST:

CLERK-MAGISTRATE

| Page 2 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | DATE |
|---|---|---|---|

Date/Time Printed: 02/04/2004 09:28 AM

# WEINER AND PESKIN, P.C.

ATTORNEYS AT LAW

| | | |
|---|---|---|
| GARY M. WEINER<br>JUDD L. PESKIN * | 95 STATE STREET, SUITE 918<br>SPRINGFIELD, MASSACHUSETTS 01103<br>TEL: (413) 732-6840<br>FAX: (413) 785-5666<br>EMAIL: WeinerPeskin@WeinerPeskin.com | JONATHAN H. ALLEN<br>NYLES L. COURCHESNE<br>KARA S. RESCIA* |
| * also admitted in Connecticut | | |

DEC - 5 2003

December 1, 2003

Clerk, Plymouth District Court
Russell Street
Plymouth, MA 02360

        Re:    **HMH Transportation, Inc.**
        v       **Navigator Logistics Management, Inc. and**
             **Carl S. Hurvitz a/k/a C. Steven Hurvitz, Steven**
             **Hurvitz and Carl Steven Hurwitz**

Dear Sir or Madam:

Enclosed herewith for filing in the above captioned case, please find Verified Complaint and Statement of Damages. Please also find enclosed our check in the amount of $205.00, which represents the filing fee and the cost of two Summonses.

Please return the Summonses in the enclosed envelope, with the white docket slip, at your earliest convenience.

Thank you for your assistance in this matter. Please contact this office should you require any further explanation regarding our requests.

Sincerely yours,

Jonathan H. Allen, Esq.

JHA/sm

Enclosures

```
9810H000012/05/03CIVIL        180.00
9810H000012/05/03SURCHARGE     15.00
9810H000012/05/03COPY-WRIT     10.00
```

A TRUE COPY, ATTEST:

CLERK-MAG. STRATE

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

DEC - 5 2003

PLYMOUTH, SS

DISTRICT COURT DEPARTMENT
PLYMOUTH DIVISION
Russell Street, Plymouth, MA 02360
CIVIL ACTION NO.

HMH TRANSPORTATION INC., )
                  Plaintiff )
)
v. )
NAVIGATOR LOGISTICS MANAGEMENT, INC., )
and )
CARL S. HURVITZ a/k/a C. STEVEN HURVITZ, )
STEVEN HURVITZ and CARL STEVEN HURVITZ )
                  Defendants )

## STATEMENT OF DAMAGES

The Plaintiff in the above captioned action, hereby asserts that the money damages sought by means of the Complaint to which this statement of damages is attached amount to FIFTY FIVE THOUSAND THEE HUNDRED EIGHT DOLLARS ($55,308.46) AND 46/100 plus continuing interest and costs as allowed by law. Multiple damages pursuant to M.G.L. Ch. 93A §11 are also being requested in this matter.

The Plaintiff, HMH Transportation Inc.
By its Counsel

Gary M. Weiner, Esq. BBO#548341
Jonathan H. Allen, Esq. BBO#638033
WEINER AND PESKIN, P.C.
95 State Street, Suite 918
Springfield, MA 01103
Tel. No. (413) 732-6840
Fax. No. (413) 785-5666
Date: 11/24/03

A TRUE COPY ATTEST:
CLERK-MAGISTRATE

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

PLYMOUTH, SS                                    DISTRICT COURT DEPARTMENT
                                                PLYMOUTH DIVISION
                                                Russell Street, Plymouth, MA 02360
                                                CIVIL ACTION NO.

                                                                DEC - 5 2003

HMH TRANSPORTATION INC.,                    )
                         Plaintiff          )
                                            )
            v.                              )
                                            )           **VERIFIED COMPLAINT**
NAVIGATOR LOGISTICS MANAGEMENT, INC.,       )
and                                         )
CARL S. HURVITZ a/k/a C. STEVEN HURVITZ,    )
STEVEN HURVITZ and CARL STEVEN HURVITZ      )
                         Defendants         )
                                            )

## PARTIES

1. The Plaintiff, HMH Transportation Inc. is a Georgia corporation duly organized by law with a principal place of business at 101 Farmers Street, Hazlehurst, Georgia, 31539.

2. The Defendant, Navigator Logistics Management, Inc., (hereinafter "NLMI") is a Massachusetts corporation with a principal place of business at 6 Main Street, Suite 7, Plymouth, Plymouth County, Massachusetts 02360.

3. The Defendant, Carl S. Hurvitz is an individual who is also known as C. Steven Hurvitz, Steven Hurvitz and Carl Steven Hurvitz (hereinafter "Hurvitz") who resides at 75 Prior Farm Road, Duxbury, Plymouth County, Massachusetts 02332.

## FACTS

4. The Plaintiff is a trucking company and carrier of goods shipped in interstate commerce.

5. The Defendant, NLMI, is a freight broker/agent.

6. The Defendant, Hurvitz, at all times relevant hereto, has been the President, Treasurer, Clerk and, upon information and belief, the sole Director and stockholder of NLMI.

A TRUE COPY, ATTEST:

_____
          CLERK-MAGISTRATE

*Amended Complaint*
*Page 2*

7. As a freight broker/agent, NLMI is in the business of providing logistics management to shippers and receivers of goods in interstate and/or international commerce.

8. Between approximately January 31, 2000 and February 28, 2003, NLMI utilized the services of the Plaintiff for numerous shipments of goods for, or on behalf of, companies such as J. Crew and Urban Brands, Urban Children's Stores, Kids Spot among others.

9. Between January 31, 2000 and February 28, 2003, the Defendant, NLMI, utilized FIFTY FIVE THOUSAND THEE HUNDRED EIGHT DOLLARS ($55,308.46) AND 46/100 worth of the Plaintiff's freight services.

10. Upon information and belief, J. Crew and Urban Brands, Urban Children's Stores, Kids Spot and the other companies paid NLMI for the goods shipped for them or on their behalf.

11. Despite numerous demands by the Plaintiff and promises of payment by NLMI, Hurvitz and other agents of NLMI, FIFTY FIVE THOUSAND THEE HUNDRED EIGHT DOLLARS ($55,308.46) AND 46/100 remains due and owing to the Plaintiff.

## COUNT I
## UNJUST ENRICHMENT vs. NLMI and HURVITZ

12. The Plaintiff hereby repeats and realleges each of the allegations contained in paragraphs 1 through 9 above as if fully set forth herein.

13. NLMI contracted with the Plaintiff for the Plaintiff to supply shipping services to NLMI and its customers, including but not limited to, J. Crew and Urban Brands, Urban Children's Stores, Kids Spot.

14. NLMI and its customers received the benefit of those services.

15. As an agent/broker, NLMI was responsible for paying the Plaintiff for the services it rendered.

16. Upon information and belief, NLMI received payment for the services from its customers.

17. Despite promises of payment from Hurvitz and other agents of NLMI, NLMI, under the control and at the direction of Hurvitz, refused or neglected to tender payment for those services to the Plaintiff.

18. NLMI has been unjustly enriched at the expense of the Plaintiff.

A TRUE COPY, ATTEST:

_____
CLERK-MAGISTRATE

*Amended Complaint*
*Page 3*

19. Hurvitz has been unjustly enriched at the expense of the Plaintiff.

## COUNT II
## FRAUD vs. NLMI and HURVITZ

20. The Plaintiff hereby repeats and realleges each of the allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

21. NLMI markets itself as a freight broker/agent.

22. As a freight broker/agent, NLMI represents to the shipping companies it does business with (including the Plaintiff) that it will pay for shipping services provided to it by the shipping company.

23. As the President, Treasurer, Clerk, and Director of NLMI, Hurvitz represents to the shipping companies that NLMI does business with (including the Plaintiff) that NLMI will pay for shipping services provided to it by the shipping company.

24. When it provided shipping services to NLMI, the Plaintiff relied on the representations of NLMI and Hurvitz that it would get paid for those services from NLMI.

25. NLMI and its customers received the benefit of those services.

26. As an agent/broker, NLMI was responsible for paying the Plaintiff for the services it rendered.

27. Upon information and belief, NLMI received payment for the services from its customers.

28. Despite numerous and repeated promises of payment from Hurvitz and other agents of NLMI, NLMI, under the control and at the direction of Hurvitz, intentionally refused or neglected to tender payment for those services to the Plaintiff.

29. Between approximately January 17, 2001 and February 28, 2003, Hurvitz and other NLMI employees, on numerous occasions both in person (at trade shows) and over the telephone, made repeated promises to principals of the Plaintiff that payment of the past due balance would be made as soon as a specific $50,000.00 receivable was paid to NLMI by a Virginia company.

30. Between January 17, 2001 and January 7, 2002, NLMI made several partial payments to the Plaintiff.

A TRUE COPY ATTEST: *[signature]*
CLERK-MAGISTRATE

*Amended Complaint*
*Page 4*

31. Relying on the above representations and partial payments, the Plaintiff extended further credit to NLMI and refrained from taking legal action to collect the balance owed.

32. Such reliance was to the Plaintiff's detriment and caused it damage.

## COUNT III
## UNFAIR AND DECEPTIVE ACTS AND PRACTICES (93A) vs. NLMI and HURVITZ

33. The Plaintiff hereby repeats and realleges each of the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

34. The Defendant, Hurvitz, was at all times relevant hereto the President, Treasurer, Clerk and Director controlling shareholder of the Defendant, NLMI.

35. At all times relevant hereto, Hurvitz controlled the actions of NLMI.

36. Hurvitz, in controlling the actions of NLMI, intentionally caused NLMI to fail to pay legitimate freight bills and invoices even though it had been paid by its customers and caused NLMI to transfer assets in fraud of its creditors.

37. Hurvitz made material misrepresentations to the Plaintiff that caused the Plaintiff to extend further credit to NLMI.

38. Hurvitz made material misrepresentations to the Plaintiff that caused the Plaintiff to refrain from taking legal action against NLMI.

39. The acts of Hurvitz, in directing NLMI not to pay the freight bills and invoices and to transfer assets in fraud of its creditors, constituted unfair and deceptive trade practices in violation of M.G.L. Ch. 93A §11.

40. Said violation of Ch. 93A was willful and knowing.

**WHEREFORE,** the Plaintiff demands:

a. Judgment against the Defendant, NLMI, for the sum of FIFTY FIVE THOUSAND THEE HUNDRED EIGHT DOLLARS ($55,308.46) AND 46/100 plus continuing interest and costs as allowed by law;

A TRUE COPY, ATTEST:
_____
CLERK-MAGISTRATE

*Amended Complaint*
*Page 5*

b. Judgment against the Defendant, Hurvitz, for the sum of FIFTY FIVE THOUSAND THEE HUNDRED EIGHT DOLLARS ($55,308.46) AND 46/100 plus continuing interest and costs as allowed by law;

c. Treble damages pursuant to G.L. c. 93A § 11;

d. Attorneys' fees, and costs pursuant to G.L. c. 93A § 11;

e. Such other relief as this Court deems just and proper.

### VERIFICATION

The foregoing facts are stated on our own personal knowledge, information and belief and, insofar as they are based upon information and belief, we believe them to be true.

**SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS** 22nd **DAY OF** November, **2003.**

HMH Transportation, Inc.,

By: _____
Larry Brewer
Its: President

Respectfully submitted,
The Plaintiff, HMH Transportation Inc.
By its Counsel

_____
Gary M. Weiner, Esq. BBO#548341
Jonathan H. Allen, Esq. BBO#638033
WEINER AND PESKIN, P.C.
95 State Street, Suite 918
Springfield, MA 01103
Tel. No. (413) 732-6840
Fax. No. (413) 785-5666
Date: 11/24/03

A TRUE COPY, ATTEST: _____
CLERK-MAGISTRATE

DCM-13
AR4-76

# TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS
## District Court Department
## PLYMOUTH DIVISION

PLYMOUTH, SS.
HMH TRANSPORTATION, INC.,
                       Plaintiff

v
NAVIGATOR LOGISTICS MANAGEMENT, INC.,
and CARL S. HURVITZ, a/k/a C. STEVEN
HURVITZ, STEVEN HURVITZ and
CARL STEVEN HURVITZ,
                     Defendants

Civil Action No. 0359 CV 1002

## SUMMONS
(Rule 4)

To defendant __Navigator Logistics Managemetn, Inc.__ of __6 Main Street, Suite 7, Plymouth, MA 023__
                          (name)                                         (address)

You are hereby summoned and required to serve upon __Weiner and Peskin, P.C.__, plaintiff('s attorney), whose address is __95 State Street, Springfield, MA 01103__, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such a claim in any other action.

Witness, THOMAS F. BROWNELL, Presiding Justice, on __December 11, 2003__.
                                                                                          (date)

(SEAL)

*/s/ John B. Sullivan*

**CLERK-MAGISTRATE**

Note:
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____ (date of service), I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

**Plymouth County Sheriff's Department** • P.O. Box 1663 • Brockton, MA 02303 • 580-2110

*Plymouth, ss.*                                                                                       December 18, 2003

I hereby certify and return that on 12/1/'03 at 9:40 am I served a true and attested copy of the summons, verified complaint and statement of damages in this action in the following manner. To wit, by delivering in hand to Linda Farrell, agent person in charge at the time of service for Navigator Logistics Management, Inc. at 6 Main Street Extension, Suite 7, Plymouth, MA 02360. P&H (no mailing) ($1.00), Attest (1 copy) ($5.00), Basic Service Fee ($30.00), Conveyance ($4.50), Travel ($3.20) Total Charges $43.70

A TRUE COPY, ATTEST:

*/s/*
CLERK-MAGISTRATE

Deputy Sheriff John F. Laford                    Deputy Sheriff

PC-21

DCM-13
AR4-76

# TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS
## District Court Department
## PLYMOUTH DIVISION

PLYMOUTH, SS.

HMH TRANSPORTATION, INC.,
                Plaintiff

v

NAVIGATOR LOGISTICS MANAGEMENT, INC.,
and CARL S. HURVITZ, a/k/a C. STEVEN
HURVITZ, STEVEN HURVITZ, AND
CARL STEVEN HURVITZ,
                Defendants

Civil Action No. 0359 CV 1002

**SUMMONS**
(Rule 4)

To defendant __Carl S. Hurvitz, a/k/a C. Steven Hurvitz,__ __75 Prior Farm Road, Duxbury, MA 02332__
(name) Steven Hurvitz and Carl Steven Hurvitz (address)
You are hereby summoned and required to serve upon __Weiner and Peskin, P.C.__, plaintiff('s attorney), whose address is __95 State Street, Springfield, MA 01103__, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such a claim in any other action.

    Witness, THOMAS F. BROWNELL, Presiding Justice, on __December 11, 2003__.
                                                                      (date)

(SEAL)

*John B Sullivan*

**CLERK-MAGISTRATE**

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

**RETURN OF SERVICE**

On _____, I served a copy of the within summons, together with a copy of the complaint in this
(date of service)

**Plymouth County Sheriff's Department** • P.O. Box 1663 • Brockton, MA 02303 • 580-2110

*Plymouth, ss.*

December 18, 2003

I hereby certify and return that on 12/16/03 at 05:47 pm I served a true and attested copy of the summons, verified complaint and statement of damages in this action in the following manner: To wit, by leaving at the last and usual place of abode of Carl S. Hurvitz, a/k/a C. Steven Hurvitz, Steven Hurvitz, and Carl Steven Hurvitz, 75 Prior Farm Road, Duxbury, MA 02332 and by mailing 1st class to the above address on 12/16/03. Basic Service Fee ($20.00), Conveyance ($4.50), Travel ($6.40), Postage and Handling ($3.00), Attest (2 copies) ($10.00) Total Charges $43.90

A TRUE COPY, ATTEST: _____
                                     CLERK-MAGISTRATE
Deputy Sheriff John J LaLond
                              Deputy Sheriff

PC-213
         This form prescribed by the Chief Justice of the District Courts